IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) MDL No. 2936 ) ) Master Case No. 4:20-MD-02936-SRB |

**ORDER**

Before the Court is Defendant Ed Smith and Chad Tate's (collectively, "Individual Defendants") motion to Dismiss Claims for Individual Liability. (Doc. #281.) For the reasons discussed below, the motion is granted.

I.  BACKGROUND

This MDL arises from the manufacture, sale, and marketing of tractor hydraulic fluid ("THF"), a multifunctional lubricant designed to offer certain protective benefits when used in tractors and heavy equipment as a hydraulic fluid, transmission fluid, and gear oil. Plaintiffs represent a putative class of consumers who purchased at least one of four allegedly defective THF products at issue in this case (the "303 THF Products"). Individual Defendants are the owners and controlling officers of Smitty's Supply Inc. ("Smitty's"), one manufacturer of the 303 THF Products at issue.

Plaintiffs initiated suit against the manufacturers and retailers in multiple federal district courts where the 303 THF products were sold. On February 11, 2020, Defendants requested all pending actions be consolidated and transferred pursuant to 28 U.S.C. § 1407. On June 2, 2020, the J.P.M.L. consolidated and transferred the eight then-pending actions to the Western District of Missouri.[1] *See In re: Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Practices &*

---

[1] The pending actions consolidated before the undersigned are as follows: *Buford v. Smitty's Supply Inc.*, No. 19-cv-00082 (E. D. Ark.); *Fosdick v. Smitty's Supply Inc.*, No. 19-cv-01850 (N. D. Iowa); *Blackmore*

*Prod. Liab. Litig.*, No. 2936, 2020 WL 2848377, at *1 (J.M.P.L. June 2, 2020). Following the creation of this MDL, Plaintiffs filed another lawsuit, *Feldkamp v. Smitty's Supply, Inc.*, No. 20-cv-02177, in the U.S. District Court for the Central District of Illinois, which was subsequently transferred to this Court. Pursuant to this Court's order dated August 3, 2020, Plaintiffs were permitted to file a Consolidated Amended Complaint that would serve to supersede all prior pleadings in the individual cases that were consolidated. Further, this Court's August 3, 2020 Order permitted direct joinder of new claims through the Consolidated Amended Complaint.

Plaintiffs added Individual Defendants as part of their Second Amended Consolidated Complaint on June 25, 2021, asserting violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), civil conspiracy, and individual liability. On July 22, 2021, Plaintiffs voluntarily dismissed the RICO and civil conspiracy counts. Plaintiffs re-asserted their individual liability claim in the Third Amended Consolidated Complaint and operative Fourth Amended Consolidated Complaint ("FACC") as Count LV. Plaintiffs seek damages consisting of "all monies paid to Ed Smith and Chad State by [Smitty's] from 2013 to present, including all salary, bonus, stocks, and any other form of compensation[,]" as well as punitive damages. (Doc. #260, p. 208.)

Individual Defendants move to dismiss Count LV for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon

---

*v. Smitty's Supply Inc.*, No. 19-cv-04052 (N.D. Iowa); *Zornes v. Smitty's Supply, Inc.*, No. 19-cv-0257 (D. Kan.); *Wurth v. Smitty's Supply Inc.*, No. 19-cv-00092 (W.D. Ky.); *Mabie v. Smitty's Supply, Inc.*, No. 19-cv-3008 (S.D. Tx.); *Klingenberg v. Smitty's Supply, Inc.*, No. 19-cv-2684 (D. Minn.); and *Graves v. Smitty's Supply, Inc.*, No. 19-cv-5089 (W.D. Mo.).

which relief can be granted." To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (citing Iqbal, 556 U.S. at 678). Although a complaint need not contain "detailed factual allegations," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must consider all factual allegations in the complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

### III. DISCUSSION

Individual Defendants argue that all counts asserted against them should be dismissed. The parties' arguments are addressed below.

#### A. Legally Recognized Cause of Action

Individual Defendants argue that Count LV should be dismissed because Count LV is improperly pleaded. First, Individual Defendants argue that "the facts alleged in Count LV do not support any legally recognized cause of action, and Plaintiffs reference no legal authority recognizing such a cause of action." (Doc. #282, p. 6.) Plaintiffs disagree, arguing that Count LV incorporates by reference all preceding counts in the FACC.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. Rule 8(e). "Courts within the Eighth Circuit have generally rejected arguments against incorporation-by-reference pleading where the pleading style does not make understanding the claims more burdensome." *Campbell v. Lake Reg'l Med. Mgmt., Inc.*, No. 2:19-CV-04124-NKL, 2019 WL 4228894, at *3 (W.D. Mo. Sept. 5, 2019). Here, Plaintiffs are clearly re-asserting Counts I–LIV against Individual Defendants and are not asserting a separate cause of action called "individual liability," as Defendants assert. Count LV is titled "Individual Liability of Owners Ed Smith and Chad Tate For Each Preceding Count[.]" (Doc. #260, p. 207.) The FACC goes on to state "Plaintiffs incorporate by reference all other paragraphs[.]" (Doc. #260, p. 207.) Accordingly, Plaintiffs assert thirty-nine counts, Counts I and V–XLII, against Plaintiffs, consisting of tort and consumer protection claims.[2] This pleading style does not make understanding the claims more burdensome. Plaintiffs have sufficiently indicated what claims they are bringing against Individual Defendants.

### B. Failure to State a Claim

Individual Defendants argue that Counts I–LIV should be dismissed because Plaintiffs "do no repeat the elements of Counts I–LIV against the Individual Defendants, and all that is included in the underlying counts are allegations against the Manufacturer and Retailer Defendants." (Doc. #282, p. 7.)

"To state a claim under Federal Rule of Civil Procedure 8(a)(2), the pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (quotations omitted). "This requirement is

---

[2] In Plaintiffs' briefing on this motion, Plaintiffs "concede dismissal of the causes of action for breach of warranty (Counts II–IV) and the products liability claims (Counts XLIII–LIV) against the Individual Defendants[.]" (Doc. #314, p. 10.)

4

designed to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citations and quotations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts–not mere legal conclusions–that, if true, would support the existence of" the asserted claims." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005).

The parties dispute whether Individual Defendants may be held personally liable for Smitty's actions. The parties cite law from California, Colorado, Florida, Georgia, Louisiana, Missouri, New York, Ohio, Texas, and West Virginia. Although some of these states have more stringent requirements, most of these states allow a corporate officer to be held liable for the acts of his or her corporation only if "he or she had actual or constructive knowledge of, and participated in, an actionable wrong." *State ex rel. Doe Run Resources Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004) (citations and quotations omitted).[3] Plaintiffs argue that they "need only plead that it is plausible that the Individual Defendants personally engaged in, authorized, or ratified tortious conduct that was foreseeable to cause harm to the purchasers of the 303 THF Products." (Doc. #314, p. 16.) Defendants argue, among other things, that Plaintiffs "fail to

---

[3] *Frances T. v. Village Green Owners Assn.*, 42 Cal.3d 490, 508 (1986) ("[P]laintiff must first show that the director specifically authorized, directed or participated in the allegedly tortious conduct . . . or that although they specifically knew or reasonably should have known that some hazardous condition or activity under their control could injure plaintiff, they negligently failed to take or order appropriate action to avoid the harm."); *Hoang v. Arbess*, 80 P.3d 8623, 868 (Colo. App. 2003) ("To be found personally liable to third persons for a tort, the officer of a corporation must have participated in the tort."); *Taylor v. Wellington Station Condominium Ass'n, Inc.*, 633 So.2d 43, 45 (Fla. 5th DCA 1994) ("Actual wrongdoing in the form of fraud, self-dealing or unjust enrichment would have to be established to trigger individual liability [of an officer]."); *Mitchell v. The Gilwil Grp., Inc*, 261 Ga.App. 882, 884 (2003) ("[A]n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable for that tort.") (citation and quotations omitted); *Donnelly v. Handy*, 415 So.2d 478, 480 (La. Ct. App. 1982) ("[A]n injury suffered by a third party which was due to the 'breach of a legal obligation which the corporate officer or officers owed to the third party' would result in liability."); *Aguirre v. Paul*, 54 A.D.3d 302, 304, 862 N.Y.S.2d 580 (2004) ("'[I]f a director or officer commits, or participates in the commission of, a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby'"); *State ex rel. DeWine v. Osborne Co., Ltd.*, 2018-Ohio-3109, 104 N.E.3d 843, ¶ 67 (11th Dist.) ("[T]he evidence presented must indicate that the officer specifically directed the particular act to be done or that the officer participated or cooperated therein."); *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) ("[A] corporate agent is personally liable for his own fraudulent or tortious acts."); *Bowling v. Ansted Chrysler-Plymouth-Dodge, Inc.*, 188 W.Va. 468, 472 (1992) ("[A]n officer of a corporation is not personally liable for the corporation's torts unless he directed, sanctioned, or participated in the wrongful acts[.]").

5

plead any specific actions either Individual Defendant took with respect to the alleged fraud or which misrepresentations they allegedly directed and when." (Doc. #282, p. 8.)

The Court finds that Plaintiff have not pled sufficient facts to state a plausible claim for relief against Individual Defendants. Plaintiffs assert thirty-nine causes of action against Individual Defendants. In support of these claims, Plaintiffs dedicate less than four pages of facts, many of which contain conclusory allegations. (Doc. #260, pp. 209–212.) The FACC contains conclusory statements regarding Individual Defendants' conduct, often not differentiating between each Individual Defendants' conduct. The FACC alleges that Individual Defendants "were directly involved in developing and sanctioning Smitty's deceptive and illegal activities;" that they "knew about the true nature and contents of the 303 THF Products . . . and each directed that such nature be concealed;" and that they "each knew and intended that purchasers would rely on the deceptive labels on the THF Products." (Doc. #260, pp. 207–08.) The FACC states that Individual Defendants "directed and ratified" all of Smitty's actions "since at least December of 2013[,] . . . [and] each individually profited from the deceptive and illegal conduct of Smitty's[.]" (Doc. #260, p. 208.) These conclusory allegations do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

Where specific facts are pled, most of the facts in the FACC relate to other Smitty's employees' conduct and communications. For example, in support of its claims against Individual Defendants the FACC cites the contents "May 23, 2016 Smitty's email" but fails to allege who wrote it. (Doc. #260, p. 211.) When specific facts relate to Individual Defendants, they are vague and refer to isolated acts that do not implicate greater misconduct. For example, Plaintiffs allege that Ed Smith "sent an email to another Smitty's employee . . . advising the employee 'what we put in our 303 pail . . . technically does not meet the 40 yr old spec of 303[,]"

6

directed an employee to order "transformer oil that was previously turned down by another customer[,]" and waived four inspections of transformer oils.  (Doc. #260, pp. 209–210.)  Plaintiffs allege similar facts as to Chad Tate.  These facts do not establish that Individual Defendants actively participated in or ratified Smitty's alleged misconduct.  As discussed above, these allegations, taken as true, do not state a claim for relief that is plausible on its face.

To hold Individual Defendants personally liable for the actions of Smitty's, Plaintiffs must state sufficient facts to plausibly allege that they "had actual or constructive knowledge of, and participated in, an actionable wrong."  *Doe Run Resources Corp.*, 128 S.W.3d at 505 (citations and quotation omitted).  The FACC's allegations are not sufficient to state plausible claim that Individual Defendants actively participated in or directed the thirty-nine different causes of action alleged in the FACC.  Therefore, the Court finds that Plaintiffs have not pled sufficient facts to state a claim against Individual Defendants.[4]

## IV. CONCLUSION

Accordingly, Individual Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2022

---

[4] Because the Court finds that Plaintiffs have not sufficiently stated a claim against Individual Defendants, the Court need not address the parties' remaining arguments.